**Edward LAROCQUE et al.**

v.

**R.W.F., INC., Wetterau, Inc., Teamsters Union Local No. 251 a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.**

Civ. A. No. 89–0609 P.

United States District Court, D. Rhode Island.

June 19, 1992.

Thomas J. Young, Young & LaPuzza, Omaha, Neb., Charles J. McGovern, Thomas J. McAndrew, Patricia E. Andrews, Providence, R.I., for plaintiffs.

James M. Green, Providence, R.I., for R.W.F. and Wetterau.

Marc Gursky, Providence, R.I., for Local 251.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

As the Court has traveled a rather bumpy path to reach this point in the litigation, a brief history of recent events will set the stage for the current action. Plaintiffs are employees of R.W.F., Inc, *Laurans Standard* division; defendants are R.W.F., Inc. and Wetterau, Inc. ("the company") and Teamsters Local 251, the union representing all employees of the company. Plaintiffs' suit rests on three major claims: a standard § 301 of the Taft–Hartley Act case against the company for breach of contract, a § 301 case against the union for breach of its duty of fair representation, and a claim to vacate the arbitrator's award. *See* 29 U.S.C. § 185.

Plaintiffs and defendants filed cross motions for summary judgment; the Court referred these motions to Magistrate–Judge Hagopian ("Magistrate") for recommended decision. The Magistrate denied defendants' motions but granted plaintiffs' motion for partial summary judgment—a

decision which vacated the arbitrator's award. On May 12, 1992, this Court summarily affirmed the Magistrate's Report and Recommendation. After the entry of that Order, motions from defendants and a telephone conference with all parties led the Court to seriously consider allowing an interlocutory appeal on the vacation of the arbitrator's award. Before any action was taken, Local 251 filed a motion for reconsideration of the acceptance of the Magistrate's Report. The Court accepts Local 251's invitation for reconsideration and reverses its previous affirmance. As will be discussed below, the Report and Recommendation of the Magistrate is affirmed in part and denied in part to the end that defendant's summary judgment motion for plaintiffs' failure to exhaust intra-union remedies remains denied, but partial summary judgment is granted to defendants affirming the arbitrator's award.

## I

On May 2, 1990, the Court sketched the context of this dispute.

R.W.F., Inc., a wholly-owned subsidiary of Wetterau, Inc., announced plans [in summer 1989] to combine its operations at Roger Williams Foods and Laurans Standard. As part of that consolidation, the company proposed dovetailing the seniority lists at the two plants. The union members at Laurans objected to the impending seniority list combination; they preferred that the company endtail the Roger Williams seniority list to that of Laurans. The dispute proceeded through the contractual grievance and arbitration process established in the collective bargaining agreement ("CBA") between Laurans and Teamsters Local 251. The arbitrator ruled that the lists should be dovetailed. The Union members at Laurans then filed this suit.

Memorandum and Order, May 2, 1990 at 1.

Edmond A. DiSandro, Esq., conducted the arbitration hearings on July 6 and 24, 1989. Separate counsel represented the Laurans Standard employees, the Roger Williams Food employees, and the company. The parties submitted the grievance challenging the dovetail approach into evidence as well as a prior arbitration award and the collective bargaining agreements for both groups of employees from 1974 through 1989. All parties also submitted briefs and supplemental briefs.

On August 7, 1989, Arbitrator DiSandro ruled that the seniority lists should indeed be dovetailed. DiSandro reviewed the history of the company and its various sections and divisions. DiSandro found that Laurans Standard "was and continues to be a trade name of R.W.F., Inc." and that Laurans Standard operated solely as a division of R.W.F., Inc. DiSandro held that although two separate collective bargaining agreements and two separate seniority lists existed, "for all intensive [sic] purposes there was a de facto merger of the operations of these two divisions." Arbitrator's Opinion at 9–10. DiSandro continued:

Since both of these sets of employees work for a common employer, a dovetailing of the list is proper and most equitable to all employees.... [The] concept of fairness requires one contract and one seniority list covering the Cumberland and Cranston divisions and that both divisions should have equal pay and benefits.

Arbitrator's Opinion. Plaintiffs challenge this decision.

## II

On March 17, 1992, Magistrate Hagopian denied Local 251's motion for summary judgment, denied a second motion for summary judgment for Local 251, Wetterau, and R.W.F., Inc., and granted plaintiffs' motion for partial summary judgment vacating the arbitrator's award. The Magistrate ruled that the arbitrator exceeded his authority in his decision to dovetail the lists.

In the First Circuit, employees may challenge an award by an arbitrator on the grounds that the arbitrator's decision did not "draw its essence" from the contract authorizing arbitration of the issue. *See*

*Bettencourt v. Boston Edison Co.,* 560 F.2d 1045 (1st Cir.1977).

\*       \*       \*       \*       \*       \*

The First Circuit has ... held that the arbitrator's ability to settle a dispute, including any remedy to be provided, is derived wholly from the collective bargaining agreement. *Georgia–Pacific Corp. v. Local 27,* 864 F.2d 940, 944–45 (1st Cir.1988).

The undisputed terms of the separate collective bargaining agreements between R.W.F., Inc. and its employees in the Laurans and Roger Williams divisions establish the following: (1) Laurans is defined as the employer of the Laurans division employees and seniority at the Laurans division may only be acquired through service with Laurans; (2) Roger Williams is defined as the employer of the Roger Williams division employees and seniority at the Roger Williams division may only be acquired through service with Roger Williams.

\*       \*       \*       \*       \*       \*

Given these undisputed terms of the collective bargaining agreements, it seems clear that the arbitrator was not authorized to award the Roger Williams division employees seniority at the Laurans division. The arbitrator, notwithstanding the best of intentions, simply may not reach a decision which is not in keeping with the unambiguous language of the two collective bargaining agreements. *Strathmore Paper v. United Paperworkers, Int'l,* 900 F.2d 423, 426 (1st Cir.1990). The parties did not authorize the arbitrator to find that the best results under the circumstances is dovetailing the seniority lists, even though it may be. That is for the parties to negotiate. Vacating the award of the arbitrator will allow the parties to do so.

Report and Recommendation of March 17, 1992 at 8–10. The Court respectfully disagrees with the Magistrate's recommendation.

The First Circuit recently synopsized the legal landscape of labor arbitration decisions in *El Dorado Technical Services v. Trabajadores,* 961 F.2d 317 [140 LRRM 2314] (1st Cir.1992).

In labor arbitration, matters of contract interpretation are typically for the arbitrator, not for a reviewing court. While the arbitrator's award must draw its essence from the from the collective bargaining agreement, it need not mirror a judge's notion of how the agreement's language might best be interpreted or might most fairly be applied to a given set of facts. So long as the arbitrator, acting within the scope of his delegated authority, is arguably construing the contract, his decision must stand. *See United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 [126 LRRM 3113] (1987); *Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronomica, Local 610,* 959 F.2d 2, 3–4 [140 LRRM (BNA) 2067] (1st Cir. 1992) [No. 91–1560, slip op. at 4]; *Georgia–Pacific Corp. v. Local 27, Etc.,* 864 F.2d 940, 944 [130 LRRM 2208] (1st Cir. 1988). Put succinctly, then, a court should uphold an award that depends on an arbitrator's interpretation of a collective bargaining agreement if it can find, within the four corners of the agreement, any plausible basis for that interpretation. *See Berklee College of Music v. Berklee Chapter of Mass. Federation of Teachers, Local 4412,* 858 F.2d 31, 32–34 [129 LRRM 2465] (1st Cir.1988), *cert. denied,* 493 U.S. 810, 110 S.Ct. 53, 107 L.Ed.2d 22 [132 LRRM 2623] (1989). After all, "[t]he federal policy of settling disputes by arbitration would be undermined if courts had the final say on the merits of [arbitral] awards." *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 [46 LRRM 2423] (1960).

*Id.* 961 F.2d at 319 [140 LRRM at 2316].

Without great deference to arbitrator's awards, judicial review would gut arbitration and render it meaningless. The Magistrate vacated the arbitrator's award for going beyond the four corners of the collective bargaining agreement. In arriving at his conclusion, the Magistrate reviewed the collective bargaining agreements and decided, himself, that the seniority provisions prevented dovetailing of the lists. This was not his assigned task; "[j]udges have

no roving writ to second-guess arbitral decisions." *Id.* 961 F.2d at 319 [140 LRRM at 2316].

The arbitrator did not pull his decision out of thin air. Obviously, the possibility of dovetailing was well within the contemplation of all parties. At least two plausible interpretations exist in this collective bargaining dispute: (1) that seniority lists should be dovetailed and (2) that seniority lists should be endtailed. The arbitrator considered the contract language "taken in context and with due regard for the surrounding circumstances." *Id.* Although separate collective bargaining agreements exist, R.W.F., Inc. is unquestionably the "employer" of employees at both Laurans Standard and Roger Williams Food.

If the arbitrator had come to a decision completely out of the realm of considered interpretations, then perhaps his award could be reversed. However, the arbitrator's decision is clearly plausible from the collective bargaining agreements and the arbitral submission. The issue, agreed to by all parties, reads:

> Did the company violate the collective bargaining agreements between the parties by proposing to dovetail the seniority lists of its employees under the Laurans Standard agreement and its employees under the Roger Williams agreement for competitive status seniority upon consolidating its regional operations?

July 6, 1989 Arbitration Transcript at 22. "[O]nce an issue has been committed to arbitration, both the collective bargaining agreement and *the submission itself* should be taken into account in determining the scope of the submission." *El Dorado Technical Services,* 961 F.2d at 320 [140 LRRM at 2317] (emphasis added).

The arbitrator acted on this submission; his assignment required him to consider the collective bargaining agreements of both groups of employees and the situation of division consolidation. "An arbitrator's view of the scope of the issue committed to his care is entitled to the same far-reaching respect and deference as is normally accorded to the arbitrator's interpretation of

the collective bargaining agreement itself." *Id.* 961 F.2d at 321 [140 LRRM at 2317]. The arbitrator's decision had to draw its essence from both contracts *and* the context of an inter-company division merger. The arbitrator's "dovetail" decision arguably construes both contracts in this situation, and the Court is without power to upset his decision.

### III

The arbitrator's decision adversely affects the seniority standing of the Laurans Standard employees. However, Roger Williams Food employees would have been no less adversely affected had the decision been to endtail the seniority lists. The arbitrator's task is seldom an easy one; this particular case was no exception. When the arbitrator correctly does his job, as to all appearances he did here, the Court cannot and will not second-guess the ultimate decision. Only in rare circumstances will a court overrule an arbitrational award; this is not such a circumstance.

The arbitrator's award is affirmed; in all other regards, the Magistrate's March 17, 1992 Report and Recommendation is affirmed.[1]

SO ORDERED.

---

1. Counsel for both sides should note that this decision places the case once again on the trial calendar. Defendants' additional pre-trial motions will be addressed in later orders.